# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ANGELA ACORD,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-214**          (JCN: 2014027025)

**FAMILY DOLLAR STORES OF WV, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Angela Acord appeals the April 26, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Family Dollar Stores of WV, LLC ("Family Dollar") filed a response. [1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of left SI pain, right SI pain, arthrodesis, sacrococcygeal disorder, and sacroiliitis as compensable conditions in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Acord was injured in the course of and resulting from her employment on March 12, 2014, when she was lifting dog food as a store clerk for Family Dollar. Ms. Acord reported feeling a pull in her lower back. Per the Employee's and Physician's Report of Occupational Injury that was completed the following day, Ms. Acord was diagnosed with a sprain/strain of the lumbar spine. On March 26, 2014, the claim administrator held the claim compensable for a lumbar strain/sprain.

During subsequent treatment for her sprain/strain, Ms. Acord was placed on light duty work, and her symptoms improved. However, in May of 2014, Ms. Acord developed worsening pain in her back and pain in her legs after her boss at Family Dollar made her unload cases of water from a truck. She underwent an MRI of her lumbar spine on May 20, 2014, which revealed L5-S1 right paracentral disc herniation and L4-L5 mild degenerative disc disease. On August 14, 2014, Ms. Acord underwent a microscopic discectomy at right

---

[1] Ms. Acord is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Family Dollar is represented by Jeffrey B. Brannon, Esq.

1

L5-S1. The post-operative diagnosis was herniated nucleus pulpous, right L5-S1; lumbar sprain; and lumbar radiculopathy.

On August 5, 2019, Rajesh V. Patel, M.D., examined Ms. Acord. Dr. Patel, who had previously treated Ms. Acord between June of 2014 and July of 2016, ordered new x-rays and diagnosed the following: lumbar post-laminectomy syndrome right L5-S1, right S1 radiculitis, left S1 radiculitis, status post spinal cord stimulator placement, annular tear at L4-L5, discogenic back pain, and lumbar sprain. Dr. Patel requested a lumbar MRI[2] and completed a diagnosis update form, wherein he requested that lumbar post-laminectomy syndrome, radiculitis, and annular tear at L4-L5 be added to the claim.

By order dated November 25, 2019, the claim administrator added lumbar herniated discs L4-L5 and L5-S1 as compensable components in the claim and denied the addition of post-laminectomy syndrome, radiculitis, and annular tear at L4-L5 to the claim. Ms. Acord protested and, by order dated June 5, 2020, the Office of Judges modified the claim administrator's order, adding post-laminectomy syndrome and radiculitis to the claim.

Ms. Acord underwent an anterior and posterior lumbar spine fusion at L5-S1 in June of 2020. Subsequently, in November of 2021, Prasadarao Mukkamala, M.D., performed an independent medical evaluation ("IME") of Ms. Acord and opined that she had reached maximum medical improvement ("MMI") regarding her compensable lumbar sprain and disc herniation at L5-S1. According to Dr. Mukkamala, the treatment Ms. Acord had received from the time of her injury through October of 2014 was reasonable, necessary, and related to the compensable injury. He opined, however, that all subsequent treatment was not related to the compensable injury and was, rather, attributable to Ms. Acord's degenerative spondyloarthropathy. Dr. Mukkamala further opined that the sacroiliac ("SI") joint was not related to the compensable injury and that any requested treatment in that regard should not be authorized.

Though unclear from the record, it appears as though Dr. Patel requested additional diagnoses be added to the claim. On December 29, 2021, the claim administrator issued an order that denied the addition of left SI pain, right SI pain, arthrodesis, sacrococcygeal disorder, and sacroiliitis as compensable conditions in the claim.

Bruce Guberman, M.D., performed an IME of Ms. Acord on June 14, 2022, and found right sided S1 radiculopathy. On September 19, 2022, Robert Walker, M.D., performed an IME, and he also found evidence of radiculopathy. Ms. Acord underwent a left SI joint fusion in October of 2022, which had been authorized by the claim administrator. Subsequently, David L. Soulsby, M.D., noted in his January 3, 2023, IME report that he disagreed with Dr. Guberman's and Dr. Walker's findings of radiculopathy.

---

[2] The lumbar MRI, performed on September 17, 2019, showed multilevel degenerative changes.

On January 5, 2023, Ms. Acord underwent an IME performed by Syam Stoll, M.D. Dr. Stoll opined that Ms. Acord's SI joint fusion was not supported by the objective medical documentation or treatment guidelines. Dr. Stoll noted that Ms. Acord had not sustained an injury to her SI joints bilaterally and that the fusion, both the one she had already undergone and the one she was scheduled to next undergo, was not medically necessary for the compensable injuries.

On February 1, 2023, Dr. Patel authored correspondence, opining that Ms. Acord's SI joint pain was related to her compensable conditions as she had developed the pain as a result of her lumbar fusion. As such, Dr. Patel opined that SI joint pain should be compensable and that related treatment be authorized.

By order dated April 26, 2023, the Board affirmed the claim administrator's order, which denied the addition of left SI pain, right SI pain, arthrodesis, sacrococcygeal disorder, and sacroiliitis as compensable conditions in the claim. The Board found that, per the Supreme Court of Appeals of West Virginia, pain is a symptom, not a diagnosis, and cannot be held compensable. *See Whitt v. US Trinity Energy Servs.*, LLC, No. 20-0732, 2022 WL 577587, at *3 (W. Va. Feb. 25, 2022) (memorandum decision). Accordingly, the Board concluded that SI pain was properly excluded from the claim. The Board further found that arthrodesis is a procedure, not a diagnosis to be added. Lastly, the Board found that the diagnoses of sacrococcygeal disorder and sacroiliitis were not supported by the evidence of record. While the Board noted that it was possible that there was a sacroiliac component in the claim, as evidenced by the claim administrator's approval of the left S1 fusion and Dr. Guberman's findings of SI radiculopathy, no specific sacroiliac diagnosis had been requested. The Board also addressed the amount of a permanent partial disability award, which is not the subject of this appeal. Ms. Acord appeals the Board's denial of the addition of sacrococcygeal disorder and sacroiliitis to the claim. She does not appeal the denial of SI pain or arthrodesis as compensable conditions.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Acord argues that the Board erred in denying the addition of sacrococcygeal disorder and sacroiliitis to the claim. Ms. Acord argues that, in granting a permanent partial disability award, the Board made findings that conflict with its decision to deny the addition of sacrococcygeal disorder and sacroiliitis to the claim. Ms. Acord further argues that, because no acute injury occurred to her SI joint, Dr. Patel attempted to include multiple diagnosis codes in his diagnosis update form to depict Ms. Acord's SI condition that resulted from her lumbar spine fusion. Ms. Acord points out that the Board conceded that there may be an SI component to her claim yet seemed to believe that none of the diagnoses listed by Dr. Patel were appropriate. According to Ms. Acord, the record is replete with examples of her SI conditions following the compensable injury, and the general diagnoses of sacrococcygeal disorder and sacroiliitis should have been sufficient.

We disagree. Upon review, we find that Ms. Acord failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in denying the addition of sacrococcygeal disorder and sacroiliitis to the claim.

The standard for the addition of a new condition to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Here, the Board found that, though Ms. Acord may have an SI component to her claim, the requested conditions were not supported by the record. We agree. Though Dr. Patel included sacrococcygeal disorder and sacroiliitis in his diagnosis update form, Ms. Acord fails to cite any portion of the record where Dr. Patel provided clinical evidence to support the diagnoses or otherwise explain how they are causally related to the compensable injury. Dr. Patel's diagnosis update form did not contain any clinical findings on which he based the additional requested diagnoses and, instead, merely referenced his "notes," which did not specifically reference either diagnosis. Indeed, in his last correspondence in the claim, Dr. Patel simply opined that SI joint pain should be added to the claim. He did not distinguish sacrococcygeal disorder and sacroiliitis or describe why

4

they should be added to the claim. While Ms. Acord argues that Dr. Patel was simply attempting to add as many diagnosis codes as he could to describe her condition, we cannot find that the Board was clearly wrong in finding the addition of sacrococcygeal disorder and sacroiliitis was not supported by the record. We further note, as pointed out by the Board, that Ms. Acord is not prohibited from seeking the addition of an SI condition upon proper showing of evidence that it is causally related to the compensable injury.

Accordingly, for the foregoing reasons, we affirm the Board's April 26, 2023, order.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen